UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAPHAEL D. TURNER, JR.,

                Plaintiff,

v.                                      Case No. 24-cv-1535-pp

RODNEY REYNOLDS, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Raphael D. Turner, Jr., who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants used excessive force. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On December 18, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $23.44. Dkt. No. 6. The court received that fee on February 11, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names as defendants Waupun correctional officers Rodney Reynolds, Zachary Lange, Harlan Greener and Geoffrey Schultz; Lieutenant Nicholas Wodak; and Sergeant Jacob Aronson. Dkt. No. 1 at 1.

The plaintiff alleges that on November 29, 2021, the officer–defendants used excessive force on him. Id. at 2. He says that he had passed out while having an anxiety attack, and he woke up to Officer Reynolds at his side "bending [his] arm [and] causing [him] pain." Id. The plaintiff says that he told Reynolds that Reynolds was hurting him, but Reynolds only became angry and began to elbow the plaintiff all over his body. Id. He says that he sought

medical treatment after Reynolds elbowed him in the face "so hard and with so much force and caused [his] face to swell and bleed." Id. at 2–3.

The plaintiff alleges that Officers Lange and Greener and Lieutenant Wodak "[a]lso caused [him] pain" by bending his limbs and neck. Id. at 3. He says that these officers also witnessed Reynolds's use of excessive force but failed to stop him. Id. He asserts that Lange, Greener and Wodak "failed to protect [him] from being assaulted and cruel and un[u]sual punishment." Id. Finally, the plaintiff says that Sergeant Aronson "is apart [*sic*] of this claim for failure to protect and deliberate indifference for not stopping Officers from assaulting [him] for no reason." Id.

The plaintiff seeks $1 million in damages for his pain and suffering. Id. at 4. He also asks to court to order "all the staff involved [to] take more training on how not to use excessive force on inmates when they are having a medical emergency." Id.

C. Analysis

The court analyzes the plaintiff's allegations under the Eighth Amendment, which protects incarcerated persons from cruel and unusual punishments. See generally Wilson v. Seiter, 501 U.S. 294 (1991). "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). An Eighth Amendment claim consists of an objective and subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In the context of a claim of

excessive force, the plaintiff must allege both that (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation," and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" Hudson, 503 U.S. at 8 (quoting Wilson, 501 U.S. at 298, 303). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6 (citing Whitley, 475 U.S. at 320–21).

The plaintiff alleges that he passed out while having an anxiety attack and awoke to Reynolds bending his arm for no reason. He says that he told Reynolds that he was hurting the plaintiff, and that Reynolds began to elbow the plaintiff on his body and in his face. The plaintiff says that he had to seek medical attention for his injuries. Although the defendants may be able to provide information to explain Reynolds's actions, at the screening stage, the court must accept as true the complaint's allegations that Reynolds had no reason to harm the plaintiff and did so unnecessarily and excessively. The plaintiff may proceed on this claim against Reynolds.

The plaintiff also may proceed on an Eighth Amendment claim against Lange, Greener and Wodak. The plaintiff alleges that these officers also harmed him by bending his limbs and neck for no reason, which suffices to state an Eighth Amendment claim for the reasons the court just discussed. The plaintiff also seeks to hold these officers liable for not stopping Reynolds's use of excessive force. The defendants may be held liable for their failure to intervene if they "'had reason to know . . . that excessive force was being used . . . [and]

had a realistic opportunity to intervene to prevent the harm from occurring.'" Doxtator v. O'Brien, 39 F.4th 852, 864 (7th Cir. 2022) (quoting Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994)). The plaintiff alleges that Lange, Greener and Wodak witnessed Reynolds's use of force but failed to intervene and stop it, instead joining the assault. These allegations are sufficient to allow the plaintiff to proceed on an Eighth Amendment claim against these officers.

The plaintiff has not stated a claim against Aronson or Officer Schultz. The plaintiff generally alleges that Aronson should be held liable "for not stopping officers from assaulting [him]." Dkt. No. 1 at 3. But the plaintiff does not explain when this occurred or which "officers" Aronson should have stopped. Even if the court infers that the plaintiff is referring to the November 29, 2021 incident with Reynolds and the other officers, he has not provided any details suggesting that Aronson knew that the officers were using excessive force and had a realistic opportunity to intervene. His limited allegations against Aronson are insufficient to state an Eighth Amendment claim.

The plaintiff alleges nothing against Schultz. Simply listing the name of a potential defendant without alleging what that person did to violate the plaintiff's rights is not enough to hold him liable under §1983. The plaintiff "must establish a defendant's personal responsibility for any claimed deprivation of a constitutional right." Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000). The complaint says nothing about Schultz or his involvement in the events, so it fails to state a claim against him.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Geoffrey Schultz and Jacob Aronson.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Rodney Reynolds, Zachary Lange, Harlan Greener and Nicholas Wodak. Under the informal service agreement, the court **ORDERS** those defendants to respond to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$326.56** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 14th day of May, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**