**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**RAPHAEL D. TURNER, JR.,**

**Plaintiff,**

**v.** **Case No. 24-CV-1535**

**RODNEY REYNOLDS, *et al.*,**

**Defendants.**

---

**DECISION AND ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS**

---

Raphael D. Turner, Jr., who is incarcerated and representing himself, sues the defendants under 42 U.S.C. § 1983 for allegedly using excessive force against him and/or failing to intervene to stop the use of excessive force against him in violation of his Eighth Amendment rights. The defendants moved for partial summary judgment on the grounds that Turner failed to exhaust his administrative remedies as to the claims against defendants Zachary Lange, Harlan Greener, and Nicholas Wodack. (Docket # 19.) Turner opposes the defendants' motion. (Docket # 34.) For the reasons explained below, the defendants' motion for summary judgment on exhaustion grounds is denied.

**BACKGROUND**

Turner alleges that on November 29, 2021, he had an anxiety attack and passed out. (Docket # 1 at 1.) Turner asserts that when he woke up, correctional officer Rodney Reynolds "was on my side bending my arm causing me pain." (*Id.*) Turner alleges that he told Reynolds that Reynolds was hurting him; however, Reynolds responded by becoming angry and elbowing Turner over his body, "causing [him] severe pain." Turner asserts that

Lange, Greener, and Wodack "also caused me pain by bending my arms, legs, and neck." He states these defendants "also all failed to protect me because they seen [*sic*] how hard and how many times C.O. Reynolds kept elbowing me in my face and they failed to stop him." (*Id.*) Turner was allowed to proceed on an Eighth Amendment excessive force claim against all defendants, and an Eighth Amendment failure-to-protect claim against Lange, Greener, and Wodack. (Docket # 9 at 5–6.)

It is undisputed that Turner filed one relevant inmate complaint, WCI-2021-18501, wherein he stated, "staff enter my cell & began punching me in the head & face." (Docket # 22-2 at 11.) He further stated, "I came to [*sic*] as I was being punched by staff with closed fist in the back of my head & the side of my face. I was seeing white spots due to them punching me very hard for no reason. They were yelling very loud 'stop resisting' but I never resisted . . . . Excessive force was used against me my complaint is about the use of force." (*Id.*)

The institution complaint examiner ("ICE") recommended dismissal of the inmate complaint "[b]ecause the allegations raised in this complaint have already been brought to the attention of supervisory staff and are already under review, there is no need to conduct a unilateral investigation in the ICRS. The allegations are being addressed in a manner similar to DAI Policy 310.00.01." (Docket # 22-2 at 2.) The reviewing authority accepted the recommendation and dismissed the case. (*Id.* at 3.) It is undisputed that Turner properly and fully appealed the decision. (Docket # 20 at 3; Docket # 22-2.)

The defendants provide no information on the alternative investigative process referenced in the ICE's recommendation.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

*1. Applicable Law and Procedure on Exhaustion*

This case is governed by the Prison Litigation Reform Act which states in part that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court" and it produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006)).

The exhaustion rule also promotes efficiency, because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

The Seventh Circuit Court of Appeals "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process" prior to filing a case in federal court. *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). A prisoner can show that a grievance process was

unavailable when "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use'; or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 578 U.S. 632, 643–44 (2016)).

Wisconsin's procedures for inmates exhausting administrative remedies are contained in Wis. Admin. Code Ch. DOC 310 (2018). "The purpose of this chapter is to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin Code § DOC 310.01(1). The Inmate Complaint Review System ("ICRS") is the main process an inmate must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. Before filing a formal written inmate complaint, "an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint." Wis. Admin Code § DOC 310.07(1). An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the ICE may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i). An inmate may appeal a rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to

meet filing requirements, Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days to correct the deficiencies. Wis. Admin. Code § DOC 310.10(5).

Once the ICE accepts the complaint, the ICE makes a recommendation to the reviewing authority. Wis. Admin. Code § DOC 310.10(12). The reviewing authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)–(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the Corrections Complaint Examiner ("CCE"). Wis. Admin. Code § DOC 310.12(1). If the inmate has not heard from the reviewing authority after 45 days from the date the ICE received the inmate complaint, he may appeal to the CCE. Wis. Admin. Code § DOC 310.09(1).

The CCE then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The CCE "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days in which to make a decision following receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the CCE's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*2. Application to this Case*

The defendants argue that Turner's inmate complaint fails to put the institution on notice of any claims against Lange, Greener, and Wodack because the inmate complaint does specifically name them. "The exhaustion requirement protects the prison's

administrative authority by giving it an opportunity to correct its own mistakes before suit is filed against it in federal court." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020). As such, "a prisoner satisfies the exhaustion requirement when he gives a prison 'notice of, and an opportunity to correct, a problem.'" *Id.* at 996 (quoting *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)). Where the administrative rules are silent on what information a grievance must contain, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

In Wisconsin, it is well established that the administrative rules "provide little guidance as to the required contents of an inmate complaint; however, those rules do require that offender complaints 'contain only one issue per complaint and clearly identify the issue.'" *Bergen v. Wisconsin*, Case No. 20-CV-813, 2022 WL 3369540, at *5 (E.D. Wis. Aug. 16, 2022) (citing Wis. Admin. Code § DOC 310.09(1)(e)). Thus, "[t]he grievant need not lay out the facts, articulate legal theories, or demand particular relief." *Price v. Friedrich,* Case No. 15-CV-774, 2018 WL 3432725, at *4 (E.D. Wis. July 16, 2018) (internal quotation and citation omitted). Nor must the inmate complaint "name all names, or lay out every possible legal theory." *Id.* (internal quotation and citation omitted). Rather, the complaint must "alert the prison to the nature of the wrong" and needs to "object intelligibly to some asserted shortcoming." *Id.* (internal quotation and citation omitted).

The defendants state that the inmate complaint mentions only one unidentified staff member (now identified as Reynolds) who allegedly used excessive force against Turner. Turner, in response, argues that his inmate complaint describes multiple correctional officers using excessive force against him, noting that he used the word "staff" in its plural form and plural pronouns "they" and "them." I agree that the inmate complaint clearly

indicates that Turner was complaining of more than one staff member using excessive force against him. As noted above, he is not required to specifically name the individuals.

It is also clear that the inmate complaint does not state that staff failed to protect Turner from excessive force. In this instance, however, this is not definitive proof that Turner failed to exhaust his failure to protect claim. Turner's complaint was dismissed (curiously not rejected) because it was being investigated through another process. The defendants provide no information or evidence about that investigation. It is possible that through that process, the institution learned that Turner complained that Lange, Greener, and Wodack failed to protect him. As such, the defendants did not meet their burden of proving failure to exhaust. *See Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For these reasons, the defendants' motion for summary judgment is denied.

**CONCLUSION**

For the reasons stated above, the defendants' motion for partial summary judgment is denied. The court will issue an amended scheduling order at a later date.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for partial summary judgment on exhaustion grounds (Docket # 19) is **DENIED**.

Dated at Milwaukee, Wisconsin this 6th day of August, 2026.

BY THE COURT

Nancy Joseph

NANCY JOSEPH
United States Magistrate Judge